## New York Common Pleas.

*General Term—April,* 1869.

## CHARLES W. LANGWORTHY, PLAINTIFF AND RESPONDENT, *against* JUSTUS W. BEARDS-LEY, ET AL., DEFENDANTS AND APPELLANTS.

A breach of warranty does not justify the rescission of a sale. The appropriate remedy is to recoup or counterclaim the damages resulting from the breach. Fraud is the only ground upon which a contract can be rescinded.

DALY, First Judge.—A careful perusal of the somewhat lengthy evidence in this case has disclosed no ground for this appeal. No question of law is presented, and upon the facts there is not only a conflict, but, in my judgment, a preponderance of testimony in support of the findings. Whether the cheese was purchased by the defendants upon their own judgment

Langworthy *v.* Beardsley.

after an inspection, or solely in reliance upon the representations of the plaintiff's agent, was a mere question of fact, which the referee upon conflicting testimony found, and with evident correctness, in the plaintiff's favor.

The same may be said of the question whether, assuming the representations to have been made and relied upon, such representations were not, in fact, true. The fact that a small quantity of the farm dairy cheese was not quite equal to the representations, did not, under any circumstances, justify the defendants' attempt to rescind the entire sale. Such a course can only be adopted in a case of fraud ; never for a mere breach of the contract of warranty (Voorhees *v.* Earl, 2 *Hill*, 288 ; Cary *v.* Gruman, 4 *Id.* 625).*

No attempt is here made to recoup or counterclaim for the damages which may be sustained by reason of any such breach of warranty. On the contrary, a rescission of the contract of sale is alone sought ; a claim which is wholly unsupported by evidence of fraud or fraudulent representations.

As to the weight of the cheese, there is sufficient evidence to support the finding ; were it otherwise, the point could not avail the defendants here. It should have been taken upon the trial by a motion to dismiss, when the plaintiffs would have had an opportunity of supplying the deficiency.

The judgment should be affirmed.

BRADY, J.—The referee found that the purchase made by the defendants was not based upon the representations of the plaintiff or by sample. The evidence seems to warrant such a finding. The defendants sent a person to examine the cheese, and it was all exposed to his view, and submitted for his inspection. Upon his report, which was favorable, the sale was consum-

---

* 16 *Eng. Rep.* 324, Moak's Notes.

mated. It is true·that there is a conflict·upon this question, and the evidence is close, but two tribunals have found the facts of this case adversely to the defendants, and no other judgment, upon the findings named, could have been given with propriety. I concur, for these reasons, with Judge DALY, in affirming the judgment.